**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10101 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-00350-LRH-LRL-1 |
| v. | |
| ARLANDERS GIBSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted June 9, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and BEA, Circuit Judges.

Arlanders Gibson appeals a district court order that reduced his sentence for

Conspiracy to Engage in a Racketeer Influenced Corrupt Organization (the "RICO

violation") from 198 months' imprisonment to 158 months' imprisonment.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gibson pleaded guilty to the RICO violation in 2006. Gibson's plea agreement stipulated that, for the purposes of sentencing, Gibson's conduct involved 462 grams of crack cocaine, yielding a base offense level of 35 under the U.S. Sentencing Guidelines then in force. The district court granted Gibson two levels of downward adjustment, to 33, and sentenced him to 198 months' imprisonment.

The following year, Guidelines Amendment 706 ("706") adjusted the base offense level for crack cocaine offenses downward by two levels for each threshold amount of cocaine, and provided for sentence reductions based on the new offense levels. Pursuant to 18 U.S.C. § 3582(c), after the promulgation of 706, Gibson and the government submitted a Joint Stipulation for Discretionary Relief (the "Joint Stipulation"). The Joint Stipulation incorrectly stated that Gibson's previous total offense level was 35, though after the reductions granted by the district court at Gibson's sentencing hearing in 2006, Gibson's total offense level was 33.

In the Joint Stipulation, Gibson and the government jointly recommended that Gibson's sentence be reduced to 158 months' imprisonment. By the terms of the Joint Stipulation, Gibson "waives any right to appeal any aspect of the revised sentence, provided that if the revised sentence exceeds the recommended term of

158 months' imprisonment, defendant may appeal that aspect of the revised sentence." (emphasis in original).

The district court reduced Gibson's sentence to 158 months. Gibson appeals, arguing that the district court clearly erred in finding that Gibson's previous total offense level was 35, as stated in the Joint Stipulation.

Because Gibson waived appeal, we do not consider the merits of Gibson's claim. However, we note that Gibson recommended the 158-month sentence below. Therefore, to prevail on his claim, Gibson would need to show that the district court committed error that was plain, that the error affected the substantial rights of the defendant, and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732–36 (1993). Gibson could not show plain error, because if the parties had correctly calculated the offense level at 31, the guidelines range would have been 135–168 months. Gibson's 158-month sentence falls within that range. Further, the district court has clarified that its reduced sentence of 158 months' imprisonment was based on its acceptance of the parties agreement and that the "discretionary reduction in his sentence of forty months was considered by the court to be the maximum favorable relief which would be imposed by the court." Because Gibson was afforded relief under the statute to the extent sought by the

parties and accepted by the district court, his substantial rights were not affected, nor does the error affect the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 732–36.

As to the waiver of appeal, the district court imposed a sentence that did not exceed 158 months' imprisonment, so the waiver encompasses the present appeal. Nothing in the record shows that Gibson's waiver was anything other than knowing and voluntary. We enforce Gibson's waiver of appeal and dismiss.

**DISMISSED.**